# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## CENTRAL DIVISION
## AT FRANKFORT

**CRIMINAL CASE NO. 3:07-15-KKC**
**CIVIL CASE NO. 3:11-7189-KKC-CJS**

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**

**v.**                    **REPORT AND RECOMMENDATION**

**RICHARD EDWARDS, JR.**                                    **DEFENDANT**

\* \* \* \* \* \* \* \* \* \*

On October 31, 2011, Defendant Richard Edwards, Jr., *pro se*, filed a Motion to Vacate, Set

Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.[1]  (R. 98).  On February 6, 2012, after being

granted a requested extension, the United States filed a Response to Defendant Edwards's § 2255

Motion (R. 106), to which Edwards filed a Reply (R. 108).  On March 22, 2012, Edwards filed a

supplemental reply.[2]  Having all relevant documents before the Court, this matter is now ripe for

consideration and preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b).  For

---

[1] Although the Clerk of Courts received and docketed the motion on November 7, 2011, it is deemed filed on the date Petitioner deposited it in the institution's internal mailing system.  Rule 3(d) of the Rules Governing Section 2255 Cases in the United States District Courts.  Here, the *pro se* motion was signed and mailed by Edwards on October 31, 2011.  (*See* R. 98, at 3).  Applying the prisoner mailbox rule, the Court deems the Motion to Vacate to have been filed on October 31, 2011.  *Houston v. Lack*, 487 U.S. 266, 273 (1988); Rule 3(d) of Rules Governing Section 2255 Cases in the United States District Courts.

[2] It recently came to the Court's attention that Edwards had previously filed an Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in this Court, being Frankfort Civil Case No. 3:11-cv-52-DCR, which was dismissed as having been filed in the wrong district.  The Court assumes Edwards's filing on March 22, 2012, in that case entitled "Supplement to Defendant's Memorandum on Sentencing Issues and objections to the Government Response" (R. 3 in case 3:11-cv-52), was intended to be filed in this matter.  Accordingly, the Court has directed the Clerk's Office to file a copy of said document in the record of this matter.

the reasons set forth below, it is **recommended** that the District Court **deny** Defendant's Motion to Vacate.[3]

## I.       BACKGROUND

On July 18, 2007, Edwards was charged in a Criminal Complaint with knowingly and intentionally distributing Lortab, containing Hydrocodone, and knowingly possessing a firearm having previously been convicted of a felony. (R. 1). On August 9, 2007, Edwards was indicted by a federal grand jury sitting in the Eastern District of Kentucky, charged with the same counts as the Complaint as well as two counts of forfeiture. (R. 8). The grand jury ultimately returned a second superseding indictment on November 2, 2007, charging Edwards with: five counts of distribution of controlled substances; one count of possession of a controlled substance with intent to distribute; two counts of being a convicted felon in possession of a firearm; one count of possession of a firearm in furtherance of drug trafficking; and one count of threatening a witness. (R. 32). On November 9, 2007, Edwards was found guilty of eight of the ten counts against him. (R. 45). The jury was unable to reach a verdict on Counts Two and Four: distribution of .144 grams of cocaine base and possession of a firearm in furtherance of a drug trafficking crime. (*Id*.).

On February 5, 2008, the District Judge held a hearing for the purpose of sentencing. (R. 56). At the hearing, the Court addressed Defendant's Objections to the Presentence Report ("PSR") and noted that "even if it should sustain each and every one of defendant's objections it would have no impact, in that 4B1.1 [of the United States Sentencing Commission Guidelines ("U.S.S.G.")] is the ultimate controlling guideline in this case, which is the career offender guideline that sets the

---

[3] An evidentiary hearing is not necessary in this case because there are no genuine issues of material fact in dispute and the record conclusively shows that Edwards is not entitled to any relief under 28 U.S.C. § 2255. *Amr v. United States*, 280 F. App'x 480, 485 (6th Cir. 2008).

minimum sentencing guideline range offense level at 34 in this case." (R. 57, at 7; R. 68, at 4). Both counsel agreed that the application of the career offender guideline, § 4B1.1, would set the minimum guideline range in this case. (R. 57, at 3, 7). No objection was made to the PSR regarding Edwards being classified as a career offender under U.S.S.G. § 4B1.1.

During the sentencing hearing, an issue arose on whether Defendant was subject to a fifteen-year minimum penalty on Counts Three and Eight as an armed career criminal under 18 U.S.C. § 924(e)(1). (R. 68). Although the Court stated that the armed career criminal enhancement would have no effect on the ultimate sentence, the Court continued the sentencing hearing in progress to provide Defendant an opportunity to review the issue. (R. 57, at 21-23).

On February 14, 2008, the Court resumed Defendant's sentencing hearing. (R. 69). The Court noted that the presentence report had been amended to reflect the mandatory minimum term of imprisonment of fifteen years on Counts Three and Eight under 18 U.S.C. § 924(e)(1). When asked if there was any objection to the amendment, defense counsel responded "no." (R. 69, at 3). The Court explained that the guidelines in this matter did not change; regardless of whether Defendant was found to be an armed career criminal, requiring three prior violent felonies or serious drug convictions, or a career offender, requiring two prior violent felonies or serious drug convictions, the offense level remained at a 34. (R. 57, at 7; R. 69, at 3). The Court explained that an offense level of 34 coupled with a criminal history category of VI results in a guideline sentencing range of 262 to 327 months of incarceration. (R. 68, at 17-19). The Court sentenced Edwards to a total term of incarceration of 300 months. (*Id*. at 11-12).

On February 20, 2008, Edwards appealed his conviction and sentence to the United States Court of Appeals for the Sixth Circuit, arguing that there was inadequate evidence to support a

3

conviction of threatening to damage the property of a witness and that his sentence was substantially unreasonable. (R. 61, 81). Edwards did not raise the issue of whether he was properly classified as an armed career criminal. (R. 81). On April 17, 2009, the Sixth Circuit affirmed the judgment of the District Court, noting "Edwards acknowledges that the district court correctly calculated the United States Sentencing Guidelines range and imposed a sentence in the middle of the Guidelines." (R. 81, at 8). On October 5, 2009, the Supreme Court denied Edwards's timely Petition for a Writ of Certiorari. (R. 86).

October 31, 2011, Defendant filed the pending motion pursuant to 28 U.S.C. § 2255.[4] (R. 98). Defendant's Motion asserts that he was improperly sentenced as an armed career criminal because his civil rights had been restored on at least one of his predicate offenses.[5] (*Id.*).

## II.    ANALYSIS

Under 28 U.S.C. § 2255, a federal prisoner may seek habeas relief on grounds that his sentence violated the Constitution or laws of the United States, that the court was without jurisdiction to impose the sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). To succeed on a § 2255 motion alleging constitutional error, a defendant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38

---

[4] *See* footnote 1.

[5] On August 16, 2011, applying the mailbox rule, Defendant filed a 28 U.S.C. § 2241 Application of Writ of Habeas Corpus in this District, which is almost identical to the pending motion. *Edwards v. United States*, 3:11-cv-52-DCR. On August 25, 2011, the presiding District Judge dismissed the matter as having been brought in the wrong district, but explaining that if Edwards intended to file a § 2255 motion, such motion should be filed in this criminal action.

(1993)).  To obtain relief under § 2255 for a nonconstitutional error, Edwards must establish either

a fundamental defect in the criminal proceedings which inherently resulted in a complete miscarriage

of justice, or an error so egregious that it amounts to a violation of due process.  *Reed v. Farley*, 512

U.S. 339, 353 (1994).

### A.    Statute of Limitations

Section 2255 motions are subject to a one-year statute of limitations, which begins to run

from the latest of:

> (1)    the date on which the judgment of conviction becomes final;
>
> (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Edwards's conviction became final on October 5, 2009, the date the Supreme Court

denied his petition for certiorari.  (R. 86).  Therefore, he had until October 4, 2010, to file a § 2255

motion.  Since he did not file the instant motion until October 31, 2011, his motion is untimely and

barred by the statute of limitations.[6]

---

[6] Even if this Court were inclined to analyze the statute of limitations utilizing Edwards's August 16, 2011, filing of his § 2241 Application, he is still more than ten months out of time.

Edwards asserts that his motion is not untimely, apparently relying upon § 2255(f)(4). He maintains that the District Court used his 1979 conviction as a predicate offense in subsequently sentencing him as an armed career criminal, yet his civil rights in that 1979 matter had been restored by the State of Michigan and, therefore, the use of that conviction violated 18 U.S.C. § 921(a)(20). (R. 98).[7] However, even if Edwards were able to establish that his civil rights had been restored for his 1979 conviction, they would have been restored well before the offense which is the basis of his federal sentence and thus could have been raised at the time of his sentencing and, in any event, within one year of his conviction becoming final.[8] Edwards has not articulated either an impediment to making a timely motion, or explained why the facts supporting his claim, i.e. Michigan's

---

[7] It is not clear from Edwards's filings if he contends his civil rights were restored on both his 1979 and 1992 convictions or just his 1979 offense. The Sixth Circuit has established that to determine whether one's civil rights have been restored the court must look to the "whole law" of the state of conviction and not merely to the language in the restoration of rights letter or certificate. *United States v. Cassidy*, 899 F.2d 543, 549 (6th Cir. 1990). As is explained in footnote 8, there is no evidence that Edwards's right to carry a firearm was restored under Michigan law as to his 1992 conviction.

[8] Edwards was released from prison on the 1979 conviction in 1981. (Presentence Investigation Report (PSR), at 10). At the time of his offense and release from prison, Michigan law restricted firearm possession for eight years from the date of release. *See* M.C.L. § 28.422 (1972 amendment). Thus, assuming his civil rights were fully restored in 1989, eight years after he was discharged from prison, there is no reason he could not have raised the issue at his 2008 federal sentencing or within a year after his conviction became final.

In 1992, the Michigan Legislature amended § 28.422 and enacted § 750.224f, which altered the time for restoring a felon's right to possess a firearm to three years after payment of all fines and expiration of all periods of incarceration, probation, and parole, except for certain "specified felonies," which required a five year waiting period. *See United States v. Cooper*, No. 08-20464, 2012 WL 12706, at *4 (E.D. Mich. Jan. 4, 2012). Edwards's 1992 conviction meets the definition of "specified felony," as it involved the "use, attempted use, or threatened use of physical force against the person or property of another." M.C.L. § 750.224f(6)(i). *Id.*. However, under the new statute, restoration of his right to possess a firearm is not automatic; § 750.224f requires Edwards apply for and be approved to have his civil right to possess a firearm restored. M.C.L. § 750.224f(2); *Cooper*, 2012 WL 12706, at *4. Edwards has not established, or even asserted, that he applied and was approved to have his right to possess firearms restored after the five-year wait period expired. Nevertheless, even assuming his rights were restored in September 2006, which was five years after his release, he could have raised the issue at his 2008 federal sentencing. Thus, he had one year from the date the judgment became final to file a § 2255 motion on the issue.

6

restoration of his civil rights, could not have been discovered prior to sentencing through the exercise of due diligence. Therefore, Edwards had one year from the date his conviction became final in this matter to file a § 2255 motion. *See Snipes v. United States,* No. 2:08-cv-269, 2012 WL 1071190 (E.D. Tenn. Mar. 29, 2012) (statute of limitations and procedural default rules apply to claim that defendant wrongfully sentenced as career offender); *see also Humphreys v. United States*, No. 11-C-5350, 2012 WL 1080526, at *2 (N.D. Ill. Mar. 28, 2012) (explaining *in dicta* that statute of limitations barred § 2255 relief where defendant knew of restoration of civil rights prior to sentencing).

Thus, Edwards's argument that the statute of limitations does not apply to his claim lacks merit. Instead, applicable to this case is the Sixth Circuit's finding that a defendant's claim that a court erred in applying the sentencing enhancement under 18 U.S.C. § 924(e) must be timely asserted. *See Nichols v. United States,* 285 F.3d 445 (6th Cir. 2002).

In addition, although the one-year statute of limitations for filing a § 2255 petition is subject to equitable tolling, Edwards has not demonstrated he is entitled to its application in this case. *See Hall v. Warden, Lebanon Corr. Inst*., 662 F.3d 745, 749-50 (6th Cir. 2011) (citing *Holland v. Florida*, __U.S. __, __, 130 S. Ct. 2549, 2560 (2010)); *see also McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003) (petitioner bears the burden of demonstrating he is entitled to equitable tolling). Equitable tolling "allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). The Supreme Court set forth a two-part test under which a habeas petitioner is entitled to equitable tolling if he demonstrates that

7

(1) "he has been pursuing his rights diligently," and (2) that "some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 130 S.Ct. at 2562.

Here, Edwards has not presented any evidence to support a finding under either prong. First, Edwards has not established he "has been pursing his rights diligently," as he waited over three years from the date of sentencing to first raise the issue in any court, and he waited over two years from the date his conviction became final. Further, he has not asserted an "extraordinary circumstance" that prevented him from timely filing. Accordingly, as Edwards has failed to allege a valid basis that would excuse his untimely filing, his § 2255 motion is time-barred.

Finally, Edwards argues that no statute of limitations should apply to bar his motion filing to vacate the enhanced sentence because it is a "void judgment," since the Court was without jurisdiction to pronounce it. In support of his argument Edwards cites cases finding that a prosecutor's failure to timely file an information seeking a sentencing enhancement under 21 U.S.C. § 851 is a jurisdictional error that destroys the court's jurisdiction and renders the judgment void. *See Harris v. United States*, 149 F. 3d 1304 (11th Cir. 1998); *Kelly v. United States*, 29 F.3d 1107, 1113 (7th Cir. 1994), *overruled by United States v. Ceballos*, 302 F.3d 679, 693 (7th Cir. 2002) (statute affecting length of sentence to be imposed is not jurisdictional); *see also Stevens v. McClaughry*, 207 F. 18 (8th Cir. 1913) (judgment entered beyond jurisdiction of court is void). The cases cited by Edwards in support of his argument, however, have been rejected by the Sixth Circuit, overruled, or are otherwise distinguishable.[9]

---

[9] Edwards cites several cases which have no application to the case at bar. *See Capron v. Van Noorden*, 6 U.S. 126 (1804) (parties cannot consent to diversity jurisdiction; court lacks jurisdiction if parties are not diverse); *B&J Oil and Gas v. Federal Energy Reg. Comm.*, 353 F.3d 71, 74-75 (D.C. Cir. 2004) (to establish standing plaintiff must demonstrate injury in fact, defendant caused injury and favorable order would redress its harm); *Crow Creek Sioux Tribe v. Brownlee*, 331 F.3d 912, 915-16 (D.C. Cir. 2003)

The Sixth Circuit has specifically rejected Edwards's argument.  *See United States v. Pritchett*, 496 F.3d 537, 546-47 (6th Cir. 2007).   In *Pritchett*, the Sixth Circuit held that noncompliance with the procedures of § 851(a) deprives the sentencing court of authority to impose an enhanced sentence, but does not divest the court of subject matter jurisdiction.  *Id.*  The Sixth Circuit's analysis as to § 851(a) is applicable to 18 U.S.C. § 924(e)(1), in that 18 U.S.C. § 3231 vests in federal district courts subject matter jurisdiction over all offenses against the laws of the United States, including the imposition of criminal penalties, and once subject matter jurisdiction attached, a court may exceed its authority or otherwise err without loss of jurisdiction.  *Id.* at 546-47 (citing *Prou v. United States*, 199 F.3d 37 (1st Cir. 1999)).

## B.    Procedural Default

Even if Edwards's motion were not time-barred, he has procedurally defaulted his claim by not raising the issue on direct appeal.[10]  *See United States v. Gibson*, 424 F. App'x 461, 466-67 (6th Cir. 2011) (failure to file direct appeal on issue of career offender classification results in a procedural default) (citing *United States v. Frady*, 456 U.S. 152, 167-68 (1982)).   "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' (citations omitted), or that he is 'actually innocent.'"  *Bousley v. United States*, 523 U.S. 614, 622

---

(discussing standing in civil suit); *Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind*, 841 F.2d 646 (5th Cir. 1988) (no jurisdiction over party not served with process in civil case); *Pacurar v. Hernly*, 611 F.2d 179 (7th Cir. 1979) (can alter judgment stating "with prejudice" to "without prejudice" after time permitted by rules where dismissed for lack of diversity jurisdiction and no jurisdiction to enter judgment on merits); *Woods Bros. Const. Co. v. Yankton County, S.D.*, 54 F.2d 304 (8th Cir. 1931) (valid judgment in civil action cannot be set aside by court issuing it after time expires to do so).

[10] On direct appeal, the Sixth Circuit noted, "Edwards acknowledges that the district court correctly calculated the United States Sentencing Guidelines range and imposed a sentence in the middle of the Guidelines.  (R. 81, at 8).

(1998) (citing *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Smith v. Murray*, 477 U.S. 527, 537, (1986); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)).

In his Reply, Edwards briefly responds to the Government's procedural default argument by stating that his appointed counsel should have raised the issue on appeal.[11]  (R. 108, at 1).  To establish cause for counsel's failure to raise an issue on appeal requires a showing of an external impediment that prevented counsel from raising the claim.  *See Murray v. Carrier*, 477 U.S. at 488-92); *Rumler v. United States*, No. 97-2214, 1999 WL 17651 (6th Cir. Jan. 4, 1999) (table decision).

*In Rumler,* the Sixth Circuit held,

> Bald assertions of attorney ignorance or inadvertence are not sufficient to demonstrate "cause" because "the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must bear the risk of attorney error." *Coleman v. Thompson*, 510 U.S. 722, 753 (1991) (citations omitted).  Moreover, "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." *Murray*, 477 U.S. at 486-87.  Rather, "cause for a procedural default on appeal ordinarily requires a showing of *some external impediment preventing counsel from constructing or raising the claim*." *Id*. at 492 (emphasis added).

> Nevertheless, Rumler argues that if he can show that counsel did not raise the issues, but should have, that is all that is needed to establish cause.  In light of the foregoing analysis, this argument is without merit.  The defendant has made the conclusory assertion that his claims were not previously raised because of ineffective assistance of counsel, without offering any evidence of an "external impediment," as required by the Supreme Court in *Murray*.  As the district court held, this will not suffice.

*Rumler*, 1999 WL 17651 at *1.  Accordingly, Edwards's statement that his attorney failed to raise the issue on direct appeal is not sufficient to establish cause to excuse his procedural default.

---

[11] Edwards does not assert an ineffective assistance claim, but appears to be raising the issue to demonstrate "cause" for his failure to raise the claim on appeal.

Further, Edwards's assertion that "it is very possible that [he] is actually innocent of the offense," presumably that of being an armed career criminal,[12] also does not excuse his procedural default.[13]  The Sixth Circuit has considered similar arguments and held that "the Supreme Court has ruled that the actual innocence exception applies 'when the habeas applicant can demonstrate that the alleged constitutional error has resulted in the conviction of one who is actually innocent of the underlying offense.'"  *Gibbs v. United States*, 655 F. 3d 474, 478 n.3 (6th Cir. 2011), *cert. denied,* __ U.S. __, 132 S. Ct. 1909 (April 16, 2012) (quoting *Dretke v. Haley*, 541 U.S. 386, 388 (2004)) (other citations omitted).

Here, Edwards does not assert he is actually innocent of being a felon in possession of a firearm; rather, he seems to maintain only that he did not have the three predicate offenses required to support the enhancement.  The actual innocence exception is unavailable to Edwards under these circumstances.  *Id*.  Therefore, even if the Court were to construe Edwards's brief and ambiguous statement as a claim for actual innocence, it is not applicable in the case at bar.

Lastly, Edwards argues that the issues raised constitute a jurisdictional challenge which can be raised at any time, and cannot be procedurally defaulted.  For the reasons stated in Section A

---

[12] Edwards does not articulate what "offense" his assertion of innocence is directed toward.  The Court, however, concludes that he is referring to his classification as an armed career criminal under 18 U.S.C. § 924(e) and not his conviction on the two charges of being a felon in possession of a firearm since he does not challenge the June 11, 2002, conviction of trafficking in a controlled substance with a firearm, which alone would be a predicate offense for the § 922(g) charges.  (*See* R. 23).

[13] Edwards states that his actual innocence of the enhanced penalty falls under the savings clause. (R. 108, at 6.).  The Sixth Circuit has explained that through the savings clause of § 2255(e) "a petitioner may seek habeas relief under § 2241 where he can show that § 2255 provides an 'inadequate or ineffective' means for challenging the legality of his detention."  *Wooten v. Cauley,* 677 F.3d 303, 306-07 (6th Cir. 2012) (citations omitted).  In addition, "[t]he Sixth Circuit has found the savings clause to apply only where the petitioner also demonstrates 'actual innocence.'"  *Id*. at 307.  Thus, the savings clause is not applicable to this § 2255.

11

above, Edwards's argument lacks merit as sentencing enhancements are not jurisdictional in nature. *See Pritchett*, 496 F.3d 537, 546-47 (6th Cir. 2007).

### C.    Double Jeopardy

Although difficult to decipher, Edwards appears to argue that the armed criminal offender enhancement subjected him to double jeopardy, presumably because his prior state offenses, for which he was convicted and served his sentence, were used to enhance his punishment under the armed career criminal statute.   The Supreme Court, however, has stated that double jeopardy principles generally have no application in the sentencing context 'because the determinations at issue do not place a defendant in jeopardy for an "offense."'   *Monge v. California*, 524 U.S. 721, 728 (1998) (citing *Nichols v. United States*, 511 U.S. 738, 747 (1994)); *see also United States v. Kelsor*, 665 F.3d 684, 701 (6th Cir. 2011) (enhancement of sentence under § 841(b) did not violate double jeopardy); *United States v. Gonzalez*, 257 F. App'x 932, 945-46 (6th Cir. 2007).   "An enhanced sentence imposed on a persistent offender thus 'is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes' but as 'a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.'"   *Monge*, 524 U.S. at 728 (quoting *Gryger v. Burke*, 334 U.S. 728, 732 (1948)).   Accordingly, Edwards's argument is unavailing.

### D.    Edwards's Claim Lacks Merit

Edwards argues that his criminal history score should have been calculated to be a level 12[14] because his prior convictions are exempt from consideration for the armed career criminal

---

[14] Even without an armed career criminal or a career offender enhancement, Edwards's offense level would be a 30.  (*See* PSR, at 8-9.)

enhancement.  However, even without the 1979 conviction,[15] Edwards's prior criminal history qualifies him for the career offender enhancement under U.S.S.G. § 4B1.1, which results in the same Sentencing Guideline range.  Thus, any error in applying the armed career criminal enhancement was harmless.  *See United States v. McCarty*, 628 F.3d 284, 294 (6th Cir. 2011).

In *McCarty*, the Sixth Circuit held that when it finds a district court erroneously applied a sentencing enhancement, it must remand for resentencing unless it finds the error was harmless.  *Id*. "A sentencing error is harmless if we are certain that the error did not affect the district court's selection of the sentence imposed."  *Id*. (quoting *United States v. Jeross*, 521 F.3d 562, 569 (6th Cir. 2008) (internal quotation marks and citation omitted)).  The *McCarty* Court concluded that the district court's statement that it would sentence the defendant to the same term regardless of the enhancement was sufficient to establish that the improper application of the sentencing enhancement was harmless error.  *Id*.

Similarly, in the case at bar, the District Court made clear that the armed career criminal enhancement would have no additional impact on Edwards's ultimate sentence because the career offender guideline already set the offense level at a 34.[16]  The District Judge stated:

---

[15] *See* footnotes 8 and 16.

[16] The career offender enhancement is applicable if:

(1) the defendant was at least eighteen years old at the time defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions that are either a crime of violence or a controlled substance offense.

U.S.S.G § 4B1.1.

Here, Edwards's 1992 and 2002 convictions apply to meet the definition of career offender.  His 1992 conviction, a crime of violence, is counted because although imposed more than fifteen years before Defendant's commencement of the offenses involved in this action, he remained incarcerated on that

13

the Court notes that even if it should sustain each and every one of defendant's objections it would have no impact, in that 4B1.1 is the ultimate controlling guideline in this case, which is the career offender guideline that sets the minimum sentencing guideline range level at 34 in this case.

(R. 68, at 4).   Nevertheless, on the Government's assertion that Defendant qualified for the armed career criminal enhancement, the Court continued the sentencing to give Defendant an opportunity to consider the issue.   In so doing, the Court again noted, "I can tell you that it will not affect the ultimate sentence in this case, . . . 4B1.1 still puts his base offense level at 34."  (*Id*. at 17, 19).

Upon reconvening the sentencing, the Court imposed sentence as follows:

Accordingly, it is the judgment of this Court that you, Richard Edwards, Jr., are hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 27 months on each of Counts 1, 5, 6, 7, and 9, to be served consecutively; and 120 months on each of Counts 3 and 8, to be served concurrently with each other but consecutive to the terms imposed on all other counts; and 45 months on Count 10, to be served consecutive to the extent necessary to provide a total term of 300 months.
. . .

This does not change the total sentence, but I misspoke when I read the allocation of the time per count.  So let me read that again.  And this will replace any other statements made on the record in terms of the basis of the total calculation of 300 months.

On Counts 1, 5, 6, 7, 9, and 10, the defendant is sentenced to 120 months, concurrent with each other. As to Counts 3 and 8, the defendant is sentenced to a term of 180 months, consecutive to the sentence on the other counts.  That is for a total term of 300 months.

So that takes into account that 15 years on Counts 3 and 8, and I had not done that in the previous calculation.

---

sentence until September 12, 2001, well into the fifteen-year period.  *See* U.S.S.G. § 4A1.2(e).  In addition, his 2002 conviction, a controlled substance offense, is within fifteen years of his commencement of the instant offense.  Accordingly, even if his 1979 conviction is not counted Edwards qualifies for the guideline enhancement for career offenders, which placed his offense level at a 34.  The Court correctly found that an offense level of 34 coupled with a criminal history score of VI placed Edwards's guideline range at 262-327 months.

(R. 69, at 9-12).

As the Court noted, its first explanation of the sentence did not take into account the armed career criminal enhancement; yet, the Court indicated it was going to impose a 300-month sentence. Upon correcting the Court's calculations to include the enhancement, the Court still imposed a 300-month sentence. Thus, the Court expressly indicated what it would have done had it not applied the enhancement for an armed career criminal: it would have still sentenced Defendant to 300 months under U.S.S.G § 4B1.1. The record is clear that any error in applying the enhancement for an armed career criminal did not affect the District Court's determination of the appropriate sentence. Therefore, any error in applying the armed career criminal enhancement was harmless.

## III.    CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (addressing issuance of a certificate of appealability in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to motions to vacate brought pursuant to 28 U.S.C. § 2255). In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should

issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would not debate the denial of the Defendant's § 2255 motion or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is **recommended** that a certificate of appealability be **denied** upon the District Court's entry of its final order in this matter.

## IV.    CONCLUSION AND RECOMMENDATION

For the reasons stated herein, **IT IS RECOMMENDED** that:

(1)    Defendant's Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255 (R. 98) be **DENIED;**

(2)    a Certificate of Appealability be **DENIED** by the District Court in conjunction with the Court's entry of its final order in this matter; and,

(3)    this action be **STRICKEN** from the active docket of this Court.

Specific objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are

16

insufficient to preserve the right of appeal.  *Howard*, 932 F.2d at 509.  A party may respond to another party's objections within fourteen (14) days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

Dated this 12th day of July, 2012.

Signed By:

*Candace J. Smith*

**United States Magistrate Judge**

G:\DATA\habeas petitions\2255 R&R general\07-15 R&R.wpd

17