UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT FRANKFORT

CRIMINAL ACTION NO. 3:07-CR-15-KKC
CIVIL ACTION NO. 3:11-7189-KKC-CJS

UNITED STATES OF AMERICA,     PLAINTIFF

V.     **OPINION AND ORDER**

RICHARD EDWARDS, JR.,     DEFENDANT

\* \* \* \* \* \* \* \*

This matter is before the Court on the Motion to Vacate, Set Aside, or Correct Sentence (DE 98) filed *pro se* pursuant to 28 U.S.C. § 2255 by the Defendant, Richard Edwards, Jr. Pursuant to 28 U.S.C. § 636(b)(1)(A), the Court referred this matter to United State Magistrate Judge Candace J. Smith for proposed findings of facts and recommendations for the disposition.

This action stems from the Defendant's sentencing in February of 2008. The Defendant was sentenced after being convicted on eight counts: five counts of distribution of controlled substances, two counts of being a convicted felon in possession of a firearm, and one count of threatening a witness. (DE 54.) The jury was unable to reach a verdict on the two other counts charged. (*Id.*) During sentencing on February 5, 2008, the Court explained that "even if it should sustain each and every one of defendant's objections it would have no impact, in that 4B1.1 [of the United States Sentencing Commission Guidelines ("U.S.S.G.")] is the ultimate controlling guideline in this case, which is the career offender guideline that sets the minimum sentencing guideline range offense level at 34 in this case." (DE 57 at 7; DE 68 at 4.) Both counsel agreed that the application of the career offender guideline, § 4B1.1, would set the

1

minimum guideline range in this case. (DE 57 at 3, 7.) No objection was made to the PSR regarding the Defendant's classification as a career offender under U.S.S.G. § 4B1.1.

During this same hearing, an issue arose as to whether the Defendant was subject to a fifteen-year minimum penalty on Counts Three and Eight as an armed career criminal under 18 U.S.C. § 924(e)(1). (DE 68.) Although the Court stated that the armed career criminal enhancement would have no effect on the ultimate sentence, the Court continued the sentencing hearing in progress to provide the Defendant an opportunity to review the issue. (DE 57 at 21-23.) The Court resumed the sentencing hearing on February 14, 2008, and noted the PSR had been amended to reflect the mandatory minimum term of imprisonment of fifteen years on Counts Three and Eight under 18 U.S.C. § 924(e)(1). The Court asked defense counsel if there were any objections to the amendment, and defense counsel said "no." (DE 69 at 3.) The Court explained, however, that the guidelines in this matter did not change. The offense level remained at a 34 regardless of whether the Defendant was found to be an armed career criminal, requiring three prior violent felonies or serious drug convictions, or a career offender, requiring two prior violent felonies or serious drug convictions. (DE 57 at 7; DE 69 at 3.) The Defendant's offense level of 34 paired with a criminal history category of VI resulted in guideline sentencing range of 262 to 327 months. (DE 68 at 17-19.) The Court sentenced the Defendant to a total term of incarceration of 300 months. (*Id.* at 11-12.)

On February 20, 2008, the Defendant appealed his conviction and sentence to the Sixth Circuit Court of Appeals. The Defendant argued there was inadequate evidence to support a conviction of threatening to damage the property of a witness and that his sentence was substantially unreasonable. (DE 61, 81.) The Defendant did not raise the issue of whether he was properly classified as an armed career criminal. On April 17, 2009, the Sixth Circuit

affirmed this Court's judgment, and on October 5, 2009, the Supreme Court denied the Defendant's timely Petition for Writ of Certiorari. (DE 86.) On October 31, 2011, the Defendant filed the pending Motion in which he asserts that he was improperly sentenced as an armed career criminal because his civil rights had been restored on at least one of his predicate offenses. (DE 98.)

Judge Smith filed a Report and Recommendation on July 12, 2012. (DE 111.) Based on a review of the record and applicable case law, Judge Smith recommended that the Defendant's § 2255 motion be denied and that no Certificate of Appealability be issued. Judge Smith concluded that the Defendant's motion is untimely and barred by the one-year statute of limitations governing § 2255. Judge Smith further concluded that even if the Defendant's motion were not time-barred, he had procedurally defaulted his claim by failing to raise it on direct appeal. Finally, Judge Smith addressed the Defendant's remaining arguments by noting that sentencing enhancements are not considered double jeopardy and that any error in applying the career criminal enhancement was harmless because it had no additional impact on the Defendant's ultimate sentence.

The Defendant timely filed objections (DE 113) to the Magistrate Judge's Report and Recommendation. (*See* DE 114.) This Court must make a *de novo* determination of those portions of the Magistrate Judge's proposed Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C). In his objections, the Defendant reframes and reiterates the arguments he has made previously. The Defendant once again argues that the "sentence is void ab initio for want of jurisdiction." (DE 113 at 2.) He maintains that the Court's use of his past convictions as predicate offenses in subsequently sentencing him as an armed career criminal violated 18 U.S.C. § 920(a)(20) because his civil rights had been restored by the State of

3

Michigan in that matter. (DE 98 at 1-2, DE 113 at 2-4.) The Defendant was convicted in 1979 and 1992, but it is not clear if he asserts his rights were restored as to both, or just the 1979 offense. Even if Defendant were able to establish his rights were restored – which he has not done[1] – there is no reason he could not have raised the issue at sentencing, or within a year of it becoming final. As a result, his Motion remains untimely and procedurally defaulted.

In a final attempt to clear these hurdles, the Defendant insists that he brings a jurisdictional challenge to his sentence. It is true that jurisdictional challenges may not be waived, but it is also well-settled that federal district courts have "original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. The Court, therefore, had subject matter jurisdiction over the Defendant. Furthermore, the Sixth Circuit has rejected the Defendant's argument about any loss of jurisdiction in the context of sentencing. *United States v. Pritchett*, 496 F.3d 537, 546-47 (6th Cir. 2007). In *Pritchett*, the Sixth Circuit adopted the reasoning of other circuits, explaining that "(1)18 U.S.C. § 3231 plainly vests in federal district courts subject matter jurisdiction over all offenses against laws of the United States; that jurisdiction necessarily includes the imposition of criminal penalties; and (3) once subject matter jurisdiction has attached, a court may exceed its authority or otherwise err without loss of jurisdiction." *Id.* In *Pritchett*, the Sixth Circuit addressed 18 U.S.C. § 851(a), a sentencing enhancement based on past drug offenses, and its reasoning is applicable here to § 924(e)(1), the sentencing enhancement for armed career criminals. As a result, despite the Defendant's assertions, there is no jurisdictional challenge here, because the Court's jurisdiction was never in doubt.

---

[1] In its Response, the Government noted that the "documents received from the State of Michigan Department of State indicate that a search of all records for Richard Edwards Jr. from 1979 to 1999 and 1999 to present do not indicate a record of a pardon or semi-pardon for him." (DE 106, DE 106-1.)

In short, the Defendant's Motion fails on procedural grounds. It was not timely. His claim was procedurally defaulted by his failure to raise the issue on direct appeal. Regardless, as this Court made clear at the sentencing, the armed career enhancement would have no effect on the Defendant's ultimate sentence. (DE 68 at 17, 19.) The Defendant qualified – even without the 1979 conviction – for the career offender enhancement under U.S.S.G. § 4B1.1, which results in the same Sentencing Guideline range. When affirming this Court's judgment, the Sixth Circuit noted that "Edwards acknowledges that the district court correctly calculated the United States Sentencing Guidelines range and imposed a sentence in the middle of the Guideline." (DE 81 at 9.)

Having considered the Defendant's objections and having made a *de novo* determination, the Court finds the objections to be without merit and hereby adopts the Magistrate Judge's report and recommendation. In addition, the Court agrees that no Certificate of Appealability should issue. In cases in which district courts deny habeas petitions on procedural grounds, a Certificate "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id.*

Accordingly, the Court, being otherwise sufficiently advised, HEREBY ORDERS that:

(1) the Magistrate Judge's Report and Recommendation (DE 111) is ADOPTED as and for the opinion of the Court;

(2) the Defendant's objections to the Magistrate Judge's report and recommendation are OVERRULED;

(3) Defendant's *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2555 (DE 98) is DENIED;

(4) a Certificate of Appealability be DENIED; and

(5) this action be STRICKEN from the active docket of the Court.

This 15th day of January, 2013.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge