**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT FRANKFORT**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>    Plaintiff,<br><br>V.<br><br>**RICHARD EDWARDS, JR.,**<br><br>    Defendant. | **Criminal Case No. 07-15-KKC-CJS**<br>**Civil Case No. 16-72-KKC-CJS**<br><br>**REPORT & RECOMMENDATION** |

Richard Edwards, Jr., *pro se*, moves to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. (R. 134).[1] The Government has responded (R. 141), and Edwards has replied (R. 143). Pursuant to local practice, this matter has been referred to the undersigned for consideration and preparation of a Report and Recommendation under 28 U.S.C. § 636(b). For the reasons given below, it will be recommended that Edwards's § 2255 motion be **denied**.

**I.     BACKGROUND**

A jury convicted Edwards of five federal drug crimes, in violation of 21 U.S.C. § 841(a)(1); two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); and threatening the property of a witness, in violation 18 U.S.C. § 1513(b)(2). (R. 60). In connection with Defendant's felon-in-possession-of-a-firearm conviction, the presiding District Judge determined that he was subject to a mandatory minimum term of 15 years in prison because he had three or more earlier convictions for a "serious drug offense" or a "violent felony" under the Armed Career Criminal Act (ACCA), *see* 18 U.S.C. § 924(e). (*See* R. 69, Page ID 771-72). However, as

---

[1] Edwards also recently filed a Civil Rule 60(b)(6) motion for relief from judgment. (R. 146). That motion is also addressed in this Report and Recommendation.

1

a practical matter, the District Judge noted that Edwards's status as a career offender under the United States Sentencing Guidelines, *see* USSG § 4B1.1, would effectively determine the minimum sentence, the applicable sentencing guidelines range being 262-327 months in prison. (R. 57, Page ID 1451-52). The District Judge sentenced Edwards to a total term of 300 months in prison, to be followed by 6 years of supervised release. (R. 60). Edwards appealed, arguing that there was insufficient evidence to support his threatening-the-property-of-a-witness conviction under 18 U.S.C. § 1513(b) and challenging his sentence as unreasonably long. The Sixth Circuit affirmed, *United States v. Edwards*, 321 F. App'x 481, 482 (6th Cir. 2009), and the Supreme Court denied Edwards's petition for a writ of certiorari (R. 86).

Edwards filed a § 2255 motion in November 2011 challenging his ACCA designation because "his prior state convictions had since been expired and civil rights were restored." (R. 98) (capitalization omitted). The District Judge adopted (R. 115) the Report and Recommendation (R. 111) to dismiss that § 2255 motion as untimely over Defendant's objections (R. 113), and the Sixth Circuit declined to issue a certificate of appealability (R. 120).

In September 2016, Edwards obtained authorization from the Sixth Circuit (R. 133) to file this successive § 2255 motion, *see* § 2255(h), arguing that his armed-career-criminal designation is invalid in light of *United States v. Johnson*, 165 S. Ct. 2551 (2015) (R. 134). Although Edwards's § 2255 motion does not raise a *Johnson* challenge to his career-offender designation under § 4B1.1 (R. 134, Page ID 1568), the Sixth Circuit construed an earlier filing as including such a claim (R. 133, Page ID 1560). Accordingly, that permitted challenge is considered herein.

II.    ANALYSIS

To obtain § 2255 relief, a federal prisoner must show that: (1) his conviction was the result of an error of constitutional magnitude; (2) his sentence was imposed outside of statutory limits;

2

or (3) there was an error of law or fact so fundamental as to render the proceedings invalid. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (citing *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). A defendant must prove his allegations by a preponderance of the evidence. *Packett v. United States*, 738 F. App'x 348, 352 (6th Cir. 2018); *Pough,* 442 F.3d at 964.

A brief explanation of the ACCA and *Johnson* is warranted to show how narrow a window Edwards must climb through to obtain relief. The ACCA's fifteen-year-mandatory-minimum sentence applies if a defendant has three or more prior convictions for "a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1).

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B)(i)-(ii) (emphasis added).

This definition can be broken into three clauses. Subsection (B)(i) is commonly referred to as the elements clause. The first portion of subsection (B)(ii) (the unitalicized portion) is commonly referred to as the enumerated-offenses clause. And the final portion of subsection (B)(ii) (the italicized portion) is commonly referred to as the residual clause. *See United States v. Patterson*, 853 F.3d 298, 302 (6th Cir.), *cert. denied*, 138 S. Ct. 273 (2017) (listing names of the three clauses). In *Johnson*, the Supreme Court held that the residual clause was unconstitutionally vague. 135 S. Ct. at 2560-63. However, it noted that its "decision does not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the [ACCA's] definition of a violent felony. *Id.* at 2563.

3

A.  **Challenge to ACCA Designation**

Edwards summarily argues that his ACCA-predicate convictions fell under the residual clause and that his fifteen-year-mandatory-minimum sentence is thus void. (R. 134, Page ID 1568). His argument is incorrect.

Edwards's revised presentence investigation report (PSIR) (R. 119, Page ID 1487), which was adopted by the District Judge (R. 69, Page ID 771-72), listed, among other offenses, the following ACCA-predicate convictions: (1) a 2002 Kentucky drug trafficking conviction involving cocaine; (2) a 1979 Michigan armed-robbery conviction; (3) a 1992 Michigan armed-robbery conviction; and (4) a 1992 Michigan assault-with-intent-to-commit-murder conviction. These convictions all support his ACCA designation.

First, Edwards cannot use *Johnson* to challenge his 2002 Kentucky drug offense because it is a "*serious drug offense*" and *Johnson* invalidated only the *residual clause* of the definition of "*violent felony*."[2] *United States v. Robards*, No. 3:13-CR-28-CRS-CHL, 2018 WL 4701880, at *3 (W.D. Ky. Feb. 2, 2018), *report and recommendation adopted*, No. 3:13CR-28-CRS, 2018 WL 3458494 (W.D. Ky. July 18, 2018) ("*Johnson* invalidated the *residual clause* of the definition of *violent felony* in the ACCA; the definition of serious drug offense was untouched by that holding."). Next, Edwards's 1979 and 1992 Michigan armed-robbery convictions, both violations of the same version of Michigan Compiled Laws § 750.529,[3] which has since been amended,

---

[2] Even if Edwards could otherwise challenge this conviction as an ACCA predicate, it has been determined to be a "serious drug offense." *See United States v. Garrison*, No. 3:18-CR-00060-RGJ, 2019 WL 2617820, at *5 (W.D. Ky. June 26, 2019) (determining that Kentucky trafficking in cocaine conviction qualified as career-offender-predicate offense).

[3] The statute provided: "Any person who shall assault another, and shall feloniously rob, steal and take from his person, or in his presence, any money or other property, which may be the subject of larceny, such robber being armed with a dangerous weapon, or any article used or fashioned in a manner to lead the person so assaulted to reasonably believe it to be a dangerous

qualify as ACCA-predicate offenses under the ACCA's elements clause. *See Reliford v. United States*, 773 F. App'x 248, 253 (6th Cir. 2019) (concluding that same Michigan armed-robbery statute that Edwards was convicted under qualifies as "violent felony" under the elements clause because "the assault element necessarily involved the use, attempted use, or threatened use of physical force"). The same is true of his 1992 Michigan assault-with-intent-to-commit-murder conviction under Michigan Compiled Laws § 750.83.[4] *See United States v. Woods*, 336 F. Supp. 3d 817, 824 (E.D. Mich. 2018) (concluding that Michigan assault-with-intent-to-commit-murder conviction qualified as a "crime of violence" under 18 U.S.C. § 924(c)(3)(A)'s elements clause). Because none of these ACCA predicate offenses rest on the residual clause, *Johnson* does not apply, and Edwards is not entitled to relief.

In his reply brief, Edwards argues that he is entitled to an evidentiary hearing, citing a portion of *United States v. Sanders*, 404 F.3d 980, 989 (6th Cir. 2005), which states that it is doubtful that a court can rely on a PSIR as a *Shepard* document.[5] (R. 143, Page ID 1606-07). Essentially, he argues that the Court cannot rely on the PSIR's account of his prior convictions for determining whether they are ACCA predicate offenses. Under 28 U.S.C. § 2255(b), an evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."

---

weapon, shall be guilty of a felony, punishable by imprisonment in the state prison for life or for any term of years. If an aggravated assault or serious injury is inflicted by any person while committing an armed robbery as defined in this section, the sentence shall be not less than 2 years' imprisonment in the state prison."

[4] The statue provides: "Any person who shall assault another with intent to commit the crime of murder, shall be guilty of a felony, punishable by imprisonment in the state prison for life or any number of years."

[5] *Shepard v. United States*, 544 U.S. 13 (2005).

Some criminal statutes are divisible, meaning that "[a] single statute . . . list[s] elements in the alternative, and thereby define[s] multiple crimes." *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). "That kind of statute sets out one or more elements of the offense in the alternative—for example, stating that burglary involves entry into a building or an automobile." *Descamps v. United States*, 570 U.S. 254, 257 (2013).

> Legislatures sometimes enact divisible statutes "to create two different offenses, one more serious than the other." *Mathis*, 136 S.Ct. at 2249. If at least one of the statute's alternative sets of elements categorically matches the ACCA or Guidelines elements clauses *and at least one of the sets of elements does not*, the "modified categorical approach" allows sentencing courts "to consult a limited class of documents ... to determine which alternative formed the basis of the defendant's prior conviction." *Descamps*, 570 U.S. at 257, 133 S.Ct. 2276.

*United States v. Burris*, 912 F.3d 386, 393 (6th Cir. 2019), *cert. denied*, No. 18-9420, 2019 WL 4921962 (U.S. Oct. 7, 2019) (emphasis added). This limited class of documents, called *Shepard* documents, includes but is not limited to "the indictment, jury instructions, or plea agreement and colloquy," *Mathis*, 136 S. Ct. at 2249, "or to some comparable judicial record of this information," *Shepard*, 544 U.S. at 26.

Here, *Shephard* documents are not needed. First, Edwards's 1992 Michigan assault-with-intent-to-commit-murder conviction is not divisible, as it only defines one offense, and thus *Shephard* documents would not come into play. (*See* footnote 4). Second, the Court will assume, arguendo, that Michigan Compiled Laws § 750.529, the statute under which Edwards was convicted of armed robbery in 1979 and 1992, is divisible because it appears to set out at least more than one offense: a *simple assault* in connection with an armed robbery ("Any person who shall assault another, and shall feloniously rob, steal and take from his person, or in his presence, any money or other property, which may be the subject of larceny, such robber being armed with a dangerous weapon, or any article used or fashioned in a manner to lead the person so assaulted

6

to reasonably believe it to be a dangerous weapon, shall be guilty of a felony, punishable by imprisonment in the state prison for life or for any term of years."); and additionally an *aggravated assault* or *serious injury* in connection with an armed robbery ("If an aggravated assault or serious injury is inflicted by any person while committing an armed robbery as defined in this section, the sentence shall be not less than 2 years' imprisonment in the state prison.").

However, as noted above, the modified categorical approach, and thus *Shepard* documents, come into play only when one of a statute's alternative elements matches the ACCA's elements clause *and the other does not*. *Burris*, 912 F.3d at 393. Here, if a simple assault qualifies as "physical force"[6] under the elements clause, then so does an *aggravated assault* or an assault leading to a *serious injury*, which involves greater physical force than a simple assault. *See People v. Allen*, No. 193887, 1997 WL 33343731, at *2 (Mich. Ct. App. Oct. 7, 1997) ("[A]n aggravated assault encompasses the elements of a simple assault and battery and includes the element of 'serious or aggravated injury.'"). Simply put, because all offenses under the statute qualify as "violent felonies" under the ACCA's elements clause, resort to the modified categorical approach (and thus *Shepard* documents) is unwarranted. Lastly, the Court notes that, as a factual matter, the Government did provide certain state court records concerning Edwards's predicate offenses, which list the statutory provisions that he was convicted under. (R. 23). Accordingly, an evidentiary hearing is unwarranted. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) ("[N]o hearing is required if the petitioner's allegations 'cannot be accepted as true because they

---

[6] "'[P]hysical force' for ACCA purposes means 'violent force—that is, force capable of causing physical pain or injury to another person.'" *Reliford*, 773 F. App'x at 251 (quoting *Johnson v. United States*, 559 U.S. 133, 140 (2010)).

7

are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'") (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).

  **B.**  **Challenge to Career-Offender Designation**

At the time Edwards was sentenced, the definition for "crime of violence" under USSG § 4B1.2(a) (2007) contained an identically-worded residual clause as "violent felony" under the ACCA. USSG § 4B1.2(a) (2007) (defining "crime of violence" to include an offense that "involves conduct that presents a serious potential risk of physical injury to another"). However, although the residual clauses are the same, *Johnson* does not impact Defendant's career-offender designation.

That Defendant's career-offender designation is not impacted by *Johnson* is revealed by Supreme Court authority arising after the parties briefed this matter. In *Beckles v. United States*, 137 S. Ct. 886, 895 (2017), the Supreme Court held that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." Accordingly, even if Edwards's prior convictions were categorized as a "crime of violence" under the residual clause, they would not be invalidated by *Johnson*.

  **C.**  **Rule 60(b) Motion**

Edwards recently filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6). (R. 146). He challenges the dismissal of his initial § 2255 motion as time-barred and asks to reopen those proceedings. (*See id.* at Page ID 1622, 1627). Specifically, he argues that *Johnson* "provides [him] with a credible claim of actual innocence" of his ACCA designation and that "[u]nder [*Stirone v. United States*, 361 U.S. 212 (1960) he] is actually

8

innocent of the sentence," which appears to be aimed primarily at his career-offender designation. (*Id.* at 1622, 1626).

Rule 60(b) motions cannot be used to circumvent the requirements for filing a second or successive § 2255 motion. *See* 28 U.S.C. § 2255(h) and 28 U.S.C. § 2244; *also see Moreland v. Robinson*, 813 F.3d 315, 322 (6th Cir. 2016). If Edwards's Rule 60(b)(6) motion is actually a second or successive § 2255 motion, he would have to first obtain the Sixth Circuit's authorization to bring his claims. *See* § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Accordingly, the Court will follow the Sixth Circuit's instruction—"when faced with what purports to be a Rule 60(b) motion or a motion to amend, federal courts must determine if it really is such a motion or if it is instead a second or successive application for habeas relief in disguise." *Moreland*, 813 F.3d at 322.

A Rule 60(b) motion is actually a second or successive § 2255 motion if it presents a claim, i.e., a basis for relief from a court's judgment of conviction. *See Gonzalez v. Crosby*, 545 U.S. 524, 530-32 (2005). A Rule 60(b) motion also presents a claim "if it attacks the federal [habeas] court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* at 532. But a Rule 60(b) motion does not bring a claim when it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id.* Such is the case when the motion "alleges that the federal courts misapplied the federal statute of limitations," here § 2255(f). *Id.* at 533.

9

Edwards presents his Rule 60(b)(6) motion as challenging a defect in the integrity of his prior § 2255 proceedings, alleging that his actual innocence can serve as an equitable exception to the untimeliness of his initial § 2255 motion. (R. 146, Page ID 1623). He principally relies on *Hill v. Mitchell*, No. 1:98-CV-452, 2019 WL 1785485, at *8 (S.D. Ohio Apr. 24, 2019), in which a district court concluded that a habeas petitioner's Rule 60(b)(6) motion was not a second or successive petition because it argued that the petitioner's actual innocence, as demonstrated by new evidence that he was innocent of his underlying crimes, could excuse his untimely petition.

Despite Edwards's labeling of his motion under Rule 60(b)(6), it is a disguised second or successive § 2255 motion. "'Actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

> To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

*Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Here, Edwards offers no factual evidence of innocence relating to his underlying crimes like the petitioner in *Hill*; rather, he argues his legal innocence—specifically, that caselaw (*Johnson* and *Stirone*) demonstrates that his sentencing designations were improper.[7] Therefore, he is actually seeking to present claims—a legal basis for relief from his sentence—and thus his petition is second or successive. *See Gonzalez*, 545 U.S. at 531 ("Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction—even claims couched in the language

---

[7] Edwards's *Johnson* claim in his Rule 60(b)(6) motion, which is identical to the claim that he received authorization from the Sixth Circuit to bring in his current § 2255 motion, fittingly illustrates the true nature of his Rule 60(b)(6) motion.

of a true Rule 60(b) motion—circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts. § 2244(b)(2)."). Accordingly, it will also be recommended that Edwards's Rule 60(b) motion be transferred to the Sixth Circuit to obtain the authorization required under § 2244(b)(3)(A).

### III.  CERTIFICATE OF APPEALABILITY

Under Rule 11 of the Federal Rules Governing § 2255 Proceedings, the district court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant. A COA may issue only if a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (addressing issuance of a certificate of appealability in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to motions to vacate brought pursuant to § 2255). In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. "When the district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would not debate the denial of Edwards's § 2255 motion or conclude that the issues presented are adequate to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it will be further recommended

that a certificate of appealability be denied upon the District Judge's entry of a final order in this matter.

## IV.     CONCLUSION AND RECOMMENDATIONS

For the reasons stated above, **IT IS RECOMMENDED** that:

1)      Edwards's Motion to Vacate, Set Aside, or Correct a Sentence Under 28 U.S.C. § 2255 (R. 134) **be denied;**

2)      Edwards's request for an evidentiary hearing **be denied;**

3)      a Certificate of Appealability **be denied** in conjunction with the entry of a final order in this matter; and,

4)      Edwards's Rule 60(b)(6) motion (R. 146) be transferred to the Sixth Circuit for consideration as a motion for authorization to file a second or successive § 2255 motion.

The parties are directed to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 8(b). Within fourteen (14) days, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Judge. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Judge and Sixth Circuit Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Dated this 27th day of November, 2019.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

J:\DATA\habeas petitions\2255 R&R general\07-15-KKC Edwards R&R final.docx