UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| UNITED STATES OF AMERICA, | CRIMINAL NO. 3:07-15-KKC |
|---|---|
| Plaintiff, | |
| V. | **OPINION AND ORDER** |
| RICHARD EDWARDS, JR., | |
| Defendant. | |

*** *** ***

This matter is before the Court on Defendant Richard Edwards' motion requesting a partial reduction in sentence. (DE 162). On February 5, 2008, Edwards was sentenced to 300 months of imprisonment after a jury convicted him of four counts of distribution of hydrocodone, distribution of heroin, two counts of possession of a firearm by a convicted felon, and retaliating against a witness. (DE 45, 60). Edwards is currently serving his sentence at the Federal Correctional Institution in Devens, Massachusetts, and is projected to be released sometime in March 2029. (DE 164 at 2, DE 164-3). This is his third motion seeking a modification in sentence under 18 U.S.C. § 3582(c)(1)(A). For the reasons below, his motion (DE 162) will be **denied**.

Prior to the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), the Court could not grant a motion for compassionate release unless the director of the Bureau of Prisons (BOP) filed the motion. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow the court to grant a motion for compassionate release filed by the defendant himself "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's

facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018). The Sixth Circuit has determined that the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id.* at 834. Here, while the United States asserts that Edwards has failed to exhaust his administrative remedies, the United States also asserts that all attempts to verify whether Edwards has or has not filed a request with the warden has been unsuccessful. (DE 164 at 2-3). The United States thus seeks to "advise as soon as possible" whether any information on Edward's filing (or lack thereof) can be verified. (*Id.* at 2). Given this response, the Court will find that the Government has waived its invocation to assert the mandatory condition.

The compassionate release statute permits this Court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction," and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

The statute does not define what it means to be "extraordinary and compelling." The commentary to the policy statement by the Sentencing Commission applicable to Section 3582(c)(1)(A) provides some guidance; however, the Sixth Circuit has determined that the policy statement applies only to motions filed by the BOP and does not apply when a defendant moves for compassionate release on his own behalf. *United States v. Jones*, 980 F.3d 1098, 1108-11 (6th Cir. 2020). In such cases, district courts are no longer constrained

2

by the reasons enumerated in §1B1.13's application note. *See id.*; *United States v. Elias*, 984 F.3d 516 (6th Cir. 2021); *see also United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Thus, courts need not rely on the application note as binding in its analysis; instead, a court may exercise its "full discretion" to determine whether the defendant has demonstrated extraordinary and compelling reasons for compassionate release, *Jones*, 980 F.3d at 1111, and, if so, whether the section 3553(a) factors weigh in favor of release.

Edwards is a 63-year-old male who tested positive for COVID-19 in December 2020. (*See* DE 119 at 3). He asserts that a sentence reduction should be afforded to him because he is: (1) at risk of reinfection from COVID-19, (2) being subjected to deliberate indifference in violation of the Eighth Amendment, (3) unable to cope with the harsh and oppressive conditions of confinement, and (4) being denied basic mental health treatment. (DE 162 at 5-9). At the time that his PSR was filed, on June 6, 2013, Edwards "[wa]s in poor physical health" and was suffering from high blood pressure, asthma, arthritis, and diabetes. (*Id.* at 15). The Government concedes that Edwards still presents certain medical conditions, but that his argument regarding re-infection is diminished by Edwards' prior refusal to get inoculated with the COVID-19 vaccine, unlike the majority of other inmates at his facility. (DE 164, at 3, 8; DE 166 at 4).

While Edwards has not presented any evidence that his present circumstances are different than any other defendant incarcerated during the COVID-19 pandemic, for purposes of this motion, the Court will assume that Edwards' health conditions and concerns regarding the prison setting present extraordinary and compelling circumstances that would warrant a sentence reduction. Nevertheless, the Court must still consider whether "the factors set forth in section 3553(a) to the extent that they are applicable"

3

support the requested sentence reduction. 18 U.S.C. § 3582(c)(1)(A); *Jones*, 980 F.3d at 1107-1108. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]
>
> (3) the kinds of sentences available;

18 U.SC. § 3553(a)(1)-(3).

The § 3553(a) factors also include, the "kinds of sentence and the sentencing range" established in the guidelines; "any pertinent policy statement" issued by the Sentencing Commission; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and "the need to provide restitution to any victims of the offense. § 3553(a)(4)-(7).

The Court considered these factors extensively at Edwards' sentencing hearing (*see* DE 68 & 69) and has reconsidered them for purposes of this motion. Edwards is a registered sex offender (*see* DE 119 at 3) and has an extensive criminal history (*id*. at 10-14). His prior offenses range from robbery, to assault with murderous intent, to terroristic threatening, to several other drug-related charges. In this particular case, Edwards stands convicted of distribution of hydrocodone and heroin, being a convicted felon in possession of a firearm, and retaliating against a witness.

Based upon the record before it, the Court cannot find that Edwards would not pose a danger to the safety of the community if he were to be released. Edwards' projected

4

release date is March 2029. (*See* DE 164-3). He must focus on his journey to rehabilitation in order to ensure that he will lead a quality life upon his release. As such, in consideration of the § 3553(a) factors and the need for Edwards' prison term to deter future criminal conduct, promote respect for the law, and provide just punishment, release is simply not appropriate.

Finally, to the extent that Edwards seeks to serve the remainder of his prison term on home confinement, this Court has no authority to do so. The BOP is the entity that has the authority to designate the place of a prisoner's imprisonment, not the court. 18 U.S.C. § 3621(b); *United States v. Townsend*, 631 F. App'x 373, 378 (6th Cir. 2015).

For the reasons stated at the time of sentencing, in the Court's previous orders denying compassionate release, and in this Opinion, it is not appropriate to order Edwards' release at this time. The Court HEREBY ORDERS that Defendant Richard Edward Jr.'s motion for compassionate release (DE 162) is DENIED.

Dated June 24, 2021

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY